UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mohawk Re-Bar Services, Inc., | ) | CASE NO.: 1:14CV137 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| Local Union No. 17, et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants | ) | |

Pending before the Court are two post-dismissal motions filed by Plaintiff Mohawk Re-Bar Services, Inc. ("Mohawk"). On October 5, 2015, Mohawk requested the Court set a briefing schedule (Doc. 48) so that it could file a post-dismissal motion to amend the complaint a second time. The motion was opposed, Mohawk replied, and thereafter the matter was reassigned to the undersigned. Following reassignment of the matter, Mohawk moved to clarify the dismissal entry, requesting that the Court find that the dismissal was without prejudice. Doc. 55. Within that same motion, Mohawk sought to stay the proceedings pending the outcome of a grievance procedure. All of the

defendants have opposed this motion as well. Upon review, the motion to set a briefing schedule is DENIED. The motion to clarify is GRANTED as set forth herein.

On September 24, 2015, the previously-assigned judge in this matter dismissed Mohawk's first amended complaint. In the judgment entry filed the same day as the memorandum of opinion, the Court noted: "This Court, having contemporaneously entered a Memorandum of Opinion and Order granting the defendants' motions to dismiss, dismisses this matter in its entirety."

Mohawk contends that the prior dismissal was silent as to whether it was with or without prejudice. Mohawk, therefore, requests that this Court clarify and find that the entire dismissal was without prejudice. Mohawk's contentions are well taken in part, and the Court hereby clarifies the dismissal entry.

Mohawk is correct that its claim for breach of the Favored Nations Clause was dismissed for failing to exhaust the grievance procedures available to it. As the Sixth Circuit has noted, "sustaining a motion to dismiss for failure to exhaust the grievance procedure provided in a collective bargaining agreement results only in a dismissal of the action without prejudice." *Durham v. Mason & Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir. 1968). Mohawk, however, appears concerned over even this result due to arguments by defendants that Mohawk would be untimely if it sought to utilize the grievance procedure at such a late date. This Court need not review such an argument. Rather, this Court must only decide whether its dismissal, standing alone, precludes pursuing the grievance procedure. As noted above, as the dismissal was by its nature without prejudice, it does not preclude pursuing the grievance process.[1]

---

[1] The Court would note that since this dismissal involves the Court's lack of jurisdiction over the claims, any alternative reasons given for dismissal cannot be construed as a dismissal on the merits.

Mohawk's contentions regarding the dismissal of its anti-trust claims are not well taken. First, Mohawk appears to contend that since the Court found that it lacked antitrust standing, the dismissal was without prejudice. In so arguing, Mohawk ignores that antitrust standing and constitutional standing are distinct legal concepts. *See Ross v. Bank of Am., N.A.(USA)*, 524 F.3d 217, 222 (2d Cir. 2008) ("A court proceeds to an antitrust standing analysis only after Article III standing has been established"); *see also Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 405 (6th Cir. 2012) aff'd, ⸺ U.S. ⸺, ⸺, 134 S.Ct. 1377, 188, ⸺ L.Ed.2d ⸺, ⸺ (2014) ("Antitrust causation is much more limited than Article III standing"); *Hyland v. Homeservices of Am., Inc.*, 2008 WL 4000546, at *3 (W.D.Ky. Aug.25, 2008) ("Antitrust standing "requires more than the constitutional minimum for the 'case or controversy' that brings jurisdiction to Article III court").[2] As the Court review the merits of the antitrust standing, it would be appropriate to find the dismissal to be with prejudice.

More importantly, Mohawk wholly ignores that the Court also found that its antitrust claims were barred by the non-statutory labor exemption. Mohawk has raised no argument to suggest why, following that merits review, that the dismissal should be without prejudice. Accordingly, the Court finds that dismissal of both the federal and state law antitrust claims involved a merits review and the dismissal of those claims is therefore with prejudice.

The motion to clarify is GRANTED. The breach of the Favored Nations Clause claim was dismissed without prejudice. The remaining claims were dismissed with prejudice. The Court finds no basis to set a briefing schedule to allow for a second

---

[2] As a result, the Court's alternative review of the non-statutory exemption was appropriate. Having established jurisdiction over the claim, the Court was free to review any aspect of its deficiencies.

amended complaint, so the motion requesting such a schedule is DENIED.  Similarly, the Court finds no basis to stay these proceedings pending completion of the grievance procedure.

     IT IS SO ORDERED.


DATED: September 14, 2016                            _____/s/ Judge John R. Adams_____
                                                            JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT COURT